UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BOARDS OF TRUSTEES OF OHIO
LABORERS' FRINGE BENEFIT
PROGRAMS,

        Plaintiff,

                                    Civil Action 2:10-cv-00657
v.                                Magistrate Judge E.A. Preston Deavers

SAVCON, INC., *et al.*,

        Defendant.

## OPINION AND ORDER

### I. INTRODUCTION

Plaintiffs bring this action against Defendants Savcon, Inc. (hereinafter "Savcon") and James Severino[1] pursuant to Section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185, and Section 502 of the Employees Retirement Income Act ("ERISA"), 29 U.S.C. § 1132, *et seq.*, to recover unpaid fringe benefit contributions, as well as liquidated damages, and interest based on both unpaid and late contributions.  Plaintiffs also seek attorney's fees, the costs of this action, and injunctive relief.  The parties consented to the jurisdiction of the Magistrate Judge.  *See* 28 U.S.C. § 636(c)

On April 28, 2011, Plaintiffs filed its Motion for Summary Judgment (ECF No. 19) against Defendant Savcon, Inc.  In support of their Motion for Summary Judgement, Plaintiffs' have submitted an affidavit of Matthew A. Archer, Plaintiffs' Administrative Manager, as well

---

[1]  Plaintiffs bring this action against James Severino, individually and as an officer of Savcon, maintaining that he controls access to Savcon's records and that he is the corporate officer responsible for filing contribution reports.  (Compl. ¶ 3, ECF No. 1.)  Plaintiffs have not moved for summary judgment against Defendant Severino.

as attached exhibits.  (*See* ECF Nos. 19-2–19-3.)  Defendants have not responded to this Motion.[2]  For the reasons that follow, the Court **GRANTS** Plaintiffs' Motion for Summary Judgment.

## II.  BACKGROUND FACTS

Plaintiffs are composed of the Boards of Trustees for the Ohio Laborers' Fringe Benefit Programs ("Boards of Trustees").  The Boards of Trustees is an association consisting of three employment benefit trusts[3] and one labor management cooperation trust.[4]  (Compl. ¶ 2, ECF No. 1.)  The Board of Trustees oversees the collection of fringe benefit contributions to each of these plans.  (Archer Aff. ¶ 1, ECF No. 19-2.)   Plaintiffs are also obligated to collect contributions to the LIUNA Tri-Funds, which consists of three national Labor-Management cooperative trusts.  (Compl. ¶ 2, ECF No. 1; Archer Aff. ¶ 2, ECF No. 19-2.)  Plaintiffs maintain their principal place of business in Westerville, Ohio.  (Compl. ¶ 2, ECF No. 1.)  Savcon is an employer with its principal place of business in Ashtabula, Ohio.  (*Id.* at ¶ 3; Answer ¶ 3, ECF No. 9.)

Savcon executed an Ohio Heavy-Municipal-Utility State Construction Agreement (the "Agreement") with local unions affiliated with the Laborers' District Council of Ohio, AFL-CIO.  (Archer Aff. ¶ 11, ECF No. 19-2; Ex. A, ECF No. 19-3.)  By entering the Agreement,

---

[2]  On May 31, 2011, after the response time had passed, the Court issued an Order directing Savcon to submit a motion for leave to respond *instanter* within seven days.  The Order cautioned Savcon that inaction would lead the Court to consider Plaintiffs' Motion to be unopposed.

[3]  The three employment benefit plans are Ohio Laborers' District Council-Ohio Contractors' Association Insurance Fund, Laborers' District Council and Contractors' Pension Fund of Ohio, and Ohio Laborers' Training and Apprenticeship Trust Fund.

[4]  The labor management cooperative trust is Ohio Laborers' District Council–Ohio's Contractors Association Cooperation and Education Fund.

Savcon adopted and accepted the terms and conditions of employment contained in the Ohio

Highway-Heavy-Municipal and Utility Construction State Agreement.  (Ex. A, ECF No. 19-3.)

Based on these terms and conditions, the Agreement binds Savcon to the Declaration of Trusts,

which establishes each of the trust funds that form Plaintiffs' association as well as the LIUNA

Tri-Funds.  (Archer Aff. ¶ 11, ECF No. 19-2; Ex. B, ECF No. 19-3.)  The Agreement obligates

Savcon to make fringe benefit contributions to the respective funds on behalf of all its employees

within the relevant jurisdiction.  (*Id.*)  The Agreement also provides for liquidated damages of

10%, plus 1% interest per month, for late contributions.  (Archer Aff. ¶ 14, ECF No. 19-2; Ex. B,

ECF No. 19-3.)  Finally, the Agreement requires Savcon to file monthly contribution reports,

and to make contributions, by the fifteenth day of each month.  (Ex. B, ECF No. 19-3.)

Plaintiffs have submitted uncontested evidence that Savcon has failed to pay

contributions in the amount of $11,143.19 for the periods of May 2010 through February 2011.

(Archer Aff. ¶ 13, ECF No. 19-2; Ex. C, ECF No. 19–3.)  Additionally, Plaintiffs' evidence

provides that Defendants made late payments, totaling $33,275.00, for the period of April 2010

through September 2010.  (Archer Aff. ¶ 14, ECF No. 19-2; Ex. C, ECF No. 19–3.)

### III.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), the Court should render summary judgment

"if the pleadings, the discovery and disclosure materials on file, and any affidavits show that

there is no genuine issue as to any material fact and that the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(c).  When applying this standard the " 'mere existence of

some alleged factual dispute will not defeat an otherwise properly supported motion for

summary judgment; the requirement is that there be no genuine issue of material fact.' " *Estate*

*of Smithers ex rel. Norris v. City of Flint*, 602 F.3d 758, 761 (6th Cir. 2010) (quoting *Anderson v.*

3

*Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, (1986)).  An issue of material fact exists when a " 'reasonable jury could return a verdict for the nonmoving party.' "  *Travelers Property Cas. Co. of America v. Hillerich & Bradsby Co., Inc.*, 598 F.3d 257, 264 (6th Cir. 2010) (quoting *Anderson*, 477 U.S. at 248).

In a motion for summary judgment the moving party "bears the burden of proving the absence of genuine issues of material fact and its entitlement to judgment as a matter of law." *Longaberger Co. v. Kolt*, 586 F.3d 459, 465 (6th Cir. 2009) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).  In determining whether a moving party has met its burden, "[t]he evidence must be viewed in a light most favorable to the party opposing the motion, giving that party the benefit of all reasonable inferences."  *Smith Wholesale Co., Inc. v. R.J. Reynolds Tobacco Co.*, 477 F.3d 854, 861 (6th Cir. 2007).

If the moving party satisfies its burden, and the Court has provided adequate time for discovery, "the nonmoving party 'must present significant probative evidence' to demonstrate that 'there is [more than] some metaphysical doubt as to the material facts.' "  *Longaberger*, 586 F.3d at 465 (quoting *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993)).  In other terms, "[t]he nonmoving party must present evidence sufficient to permit a reasonable jury to find in its favor."  *Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 399 (6th Cir. 2010) (citing *Anderson*, 477 U.S. at 252).  Consequently "the party opposing the motion then may not 'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989)).  The Federal Rules of Civil Procedure further provide:

4

> When a motion for summary judgment is properly made and supported, an
> opposing party may not rely merely on allegations or denials in its own pleading;
> rather, its response must--by affidavits or as otherwise provided in this rule--set
> out specific facts showing a genuine issue for trial. If the opposing party does not
> so respond, summary judgment should, if appropriate, be entered against that
> party.

Fed. R. Civ. P. 56(e)(2).

## IV.  ANALYSIS

In this case, the Court finds that no issue of material facts exists and that Plaintiffs are

entitled to judgment as a matter of law against Savcon.  Savcon is an employer within the

meaning of ERISA.  *See* 29 U.S.C. 1002(5).  Under ERISA:

> Every employer who is obligated to make contributions to a multiemployer plan
> under the terms of the plan or under the terms of a collectively bargained
> agreement shall, to the extent not inconsistent with law, make such contributions
> in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.  Here, as detailed above, the uncontested evidence of record demonstrates that

Savcon entered into a collective bargaining agreement requiring it to make monthly

contributions and file contribution reports with Plaintiffs.  Plaintiffs, through the affidavit of Mr.

Archer and attached exhibits, provide that Savcon has failed to pay contributions in the amount

of $11,143.19 and has made late payments totaling $33,275.00.

A.    Monetary Damages

In addition to $11,143.19 in unpaid contributions, Plaintiffs seek liquidated damages,

interest, costs, attorneys fees, and injunctive relief.  ERISA establishes a series of mandatory

damages for unpaid contributions.  *See* 29 U.S.C. § 1132(g)(2).  Specifically, ERISA provides:

> (2)    In any action under this subchapter by a fiduciary for or on behalf of a
>        plan to enforce section 1145 of this title in which a judgment in favor of
>        the plan is awarded, the court shall award the plan–
>
>        (A)    the unpaid contributions

<div style="margin-left:2em;">

(B)    interest on the unpaid contributions

(C)    an amount equal to the greater of

      (i)    interest on the unpaid contributions, or

      (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and . . . .

</div>

*Id.* For the purposes of § 1132(g)(2), the Court calculates interest on unpaid contributions based on the rate provided under the plan. *Id.*

In addition to unpaid contributions, this case also involves untimely paid contributions. Unlike unpaid contributions, § 1132(g)(2) does not provide for liquidated damages based on untimely paid contributions. Nevertheless, 29 U.S.C. § 185 allows Plaintiffs to recover such damages for untimely paid contributions under the terms of a collective bargaining agreement. 29 U.S.C. § 185; *Bd of Trs. of Ohio Laborers' Fringe Ben. Programs v. Carson Paving Co.*, No. 2: 05-CV-1120, 2007 WL 852129, at *3 (S.D. Ohio Mar. 16, 2007) (citing *Anderson v. AT & T Corp.*, 147 F.3d 467, 473 (6th Cir. 1998)).  Accordingly, as this Court noted in a similar case:

> Liquidated damages relating to the untimely payment of contributions not recoverable under § 1132(g)(2) may be recovered pursuant to the CBA if the liquidated damages provision does not constitute a penalty under federal common law. *See* [*Michigan Carpenters Council Health and Welfare Fund v. C.J. Rogers*], Inc., 933 F.2d 376, 390 (6th Cir. 1991)]. In this regard, the Court must consider whether the harm caused by a breach of the CBA would be difficult or impossible to estimate, and whether the amount fixed in the liquidated damages provision of the agreement represents a reasonable forecast of just compensation for the harm caused. *United Order of Am. Bricklayers and Stone Mason Unions No. 21 v. Thorleif Larson & Son, Inc.*, 519 F.2d 331, 332 (7th Cir. 1995). *See also Bricklayers Pension Trust Fund v. Rosati, Inc.*, 187 F.3d 634 (table decision), No. 98-1552, 1999 WL 503501, at *2 (6th Cir. July 7, 1999).

6

*Carson Paving Co.*, 2007 WL 852129, at *3.

In this case, the relevant collective bargaining agreement provides that, "[i]f contributions are not received [in a timely fashion], the Contractors will be subjected to and agree to pay liquidated damages of ten percent (10%) plus one percent (1%) per month for each month the Contractor is delinquent . . . ." (Ex. B, ECF No. 19-3.)  Mr. Archer's uncontested testimony indicates that the damage charge and interest rate are generally related to the losses Plaintiff sustains due to late payment.  (Archer Aff. ¶¶ 15–16, ECF No. 19-2.)  The Court concludes that this provision does not constitute an unenforceable penalty.  *See Carson Paving Co.*, 2007 WL 852129, at *3 (holding the same).

Applying this calculation to the relevant unpaid and untimely paid contributions, the liquidated damages and interest due total $4,417.73.  (Archer Aff. ¶¶ 15–16, ECF No. 19-2; *see also* Ex.C, ECF No. 19-3.)  Adding this figure to the unpaid contributions, Plaintiffs are entitled to $15,560.92 in damages, plus interest from the date of judgment at a rate of 1% per month.  Additionally, pursuant to § 1132(g)(2), Plaintiff are entitled to the costs of this action as well as attorney's fees.  Plaintiffs' counsel has submitted evidence demonstrating that he has worked 13.75 hours on this case, billing 8.5 of these hours at $215.00 per hour and 5.25 of these hours at $230.00 per hour for a total of $3,035.00.  (Ball Aff. ¶ 2, ECF No. 19-1; Ex. D, ECF No. 19-3.)  The Court finds these hours and rates to be reasonable.

B.  Injunctive Relief

In addition to monetary damages, Plaintiffs also seek an injunction requiring Savcon to timely submit contribution reports for fringe benefit contributions by the fifteenth day of each month for all work performed by employees in the trade jurisdiction of "laborer" for the preceding month during the term of any and all collective bargaining agreements and any

extension thereto.

Section 1132(g)(2)(E) provides that the Court may award "such other legal or equitable relief as the court deems appropriate." Consequently, the Court may issue an injunction against a defendant who breaches an agreement to make payments to a benefit plan. *See Laborers Fringe Benefit Funds Detroit & Vicinity v. Northwest Concrete & Constr., Inc.*, 640 F.2d 1350, 1352 (6th Cir. 1981). As the United States Court of Appeals for the Sixth Circuit has noted:

> The primary prerequisites for the issuance of injunctions include findings that the plaintiff is threatened by some injury for which he has no adequate remedy at law; that irreparable injury is threatened, the injury contemplated must be real, not fancied; actual, not prospective; and threatened, not imagined ; and that the issuance of the injunction does not offend public policy.

*Id.* at 1353 (internal quotation and citation omitted).

In this case, the Court finds that injunctive relief is justified. As described above, Plaintiffs have provided uncontested evidence that Savcon has routinely disregarded the contribution payment and reporting requirements of the collective bargaining agreement which it executed and to which it agreed to be bound. Furthermore, as Mr. Archer's affidavit outlines, Plaintiffs endure significant losses due to late and unpaid contributions, as well as late reports, many of which are not capable of precise calculation. (*See* Archer Aff. ¶¶ 3–9, ECF No. 19-2.) As this Court has previously stated, "[d]elinquent contributions damage the Funds' ability to meet their continuing fiduciary duty to provide benefits to employees and thus endanger not only employees, but also the Funds' financial security." *Bd of Trs. of Ohio Laborers' Fringe Ben. Programs v. Maint. Unlimited Inc.*, No. 2:06-CV-600, 2006 WL 2988376, at *2 (S.D. Ohio Oct. 17, 2006). Furthermore, it appears from this Court's prior cases and Plaintiffs representations that Defendant has a prior history of delinquencies. *See Bd of Trs. of Ohio Laborers' Fringe Ben. Programs v. Savcon Inc.*, No. 2:09-cv-00846 (S.D. Ohio 2009) (Agreed Order of Judgment,

8

ECF No. 7).  Under these circumstances, the Court finds injunctive relief appropriate.

## V.  CONCLUSION

Based on the foregoing analysis, the Court **GRANTS** Plaintiffs' Motion for Summary Judgment (ECF No. 19) against Defendant Savcon, Inc. and **AWARDS** Plaintiffs damages in the amount of **$15,560.92**, plus interest from the date of judgment at a rate of 1% per month. Additionally, Plaintiffs are entitled to the costs of this action and attorney's fees in the amount of **$3,035.00**.

Finally, pursuant to the analysis above, Savcon is **EXPRESSLY ORDERED** to timely submit contribution reports for fringe benefit contributions by the fifteenth day of each month for all work performed by employees in the trade jurisdiction of "laborer" for the preceding month during the term of any and all collective bargaining agreements and any extension thereto.

The clerk is **DIRECTED** to enter **JUDGMENT** against Defendant Savcon, Inc. Plaintiffs are **DIRECTED** to file a status report within **FOURTEEN (14) DAYS** of the date of this Order addressing whether it intends to proceed against Defendant James Severino in light of this Opinion and Order.

**IT IS SO ORDERED.**

Date: July 5, 2011                                   ____ /s/ *Elizabeth A. Preston Deavers* _____
                                                              Elizabeth A. Preston Deavers
                                                              United States Magistrate Judge

9